## BURNES NAT. BANK OF ST. JOSEPH, MO. v. SPURWAY.

District Court, S. D. Iowa, S. D. July 25, 1928.

No. 4058.

Stipe, Davidson & Davidson, of Clarinda, Iowa, for plaintiff.

Thornell, Thornell & Adams, of Sidney, Iowa, for defendant.

DEWEY, District Judge. Plaintiff herein files a bill of complaint against the receiver to establish a preferred claim as against the assets in the hands of the defendant as receiver of the Clarinda National Bank in the sum of $1,624.45, with interest and costs. The case is submitted on an agreed statement of facts which provides, in substance:

That the Clarinda National Bank was closed for liquidation on the 26th day of November, 1926, and that the defendant is the duly appointed and acting receiver thereof. That on the 22d day of November, 1926, the plaintiff bank forwarded certain collections to the said Clarinda National Bank for collection and return, aggregating $1,623.15. That said checks were received by the Clarinda National Bank on the 23d day of November, 1926, and on the 24th day of November, 1926, its cashier drew a draft on the Chase National Bank of New York City for said amount, and said draft was presented in due course of business. That the payment thereon was refused, for the reason that the Clarinda National Bank had closed its doors and ceased active business on the 26th day of November, 1926.

These checks may be catalogued in three divisions: (1) Those drawn on the Page County State Bank of Clarinda, Iowa, in the sum of $121.61; (2) the one drawn on the Citizens' State Bank of Clarinda, Iowa, in the sum of $85; and (3) those that were drawn on the Clarinda National Bank of Clarinda, Iowa.

In the due course of business these checks that were drawn on the Page County State Bank, together with the obligations of other customers of said bank, were presented to said Page County State Bank for payment, but at that time the Page County State Bank held items payable at the Clarinda National Bank in an amount that aggregated $1,756 more than the checks due the Clarinda National Bank, and said sum of $1,756, being the difference in the clearance on that day, in favor of the Page County State Bank, was paid to said Page County State Bank by the Clarinda National Bank.

That the check of $85 drawn against an account maintained in the Citizens' State Bank was presented for clearance. Said Citizens' State Bank had items against said Clarinda National Bank in an amount of $194.92, and the balance was paid by the Clarinda National Bank to the Citizens' State Bank.

 There can be no doubt but that, as these checks were sent to the Clarinda National Bank for collection and return, the relationship of principal and agency existed; and, if the plaintiff herein could trace the funds into the hands of the receiver, it would be entitled to recover these sums as a trust fund.

The trouble here is that these checks received by the Clarinda National Bank for collection and return, and the proceeds therefrom, were used in payment of debts of said Clarinda National Bank to the Page. County State Bank and the Citizens' State Bank, and no funds came into the hands of the Clarinda National Bank from the transaction, but, on the other hand, in the clearances, as shown by the facts as stated, the Clarinda National Bank paid a balance in each case to said state banks.

The estate, then, of the defunct Clarinda National Bank was not augmented in any way by the transaction, and no funds came into the hands of the receiver from which the plaintiff bank could draw without detriment to the general creditors of the funds in the hands of the receiver belonging to the Clarinda National Bank. This has been determined adversely to plaintiff's claims by the following cases directly in point, decided by the Circuit Court of Appeals of the Eighth Circuit: Farmers' National Bank v. Pribble (C. C. A.) 15 F.(2d) 175; Empire State Surety Co. v. Carroll County et al. (C. C. A.) 194 F. 593, 606. In the latter case, Judge Sanborn, speaking for the Circuit Court of Appeals for this circuit, says:

"Checks of third parties, deposited with a bank, credited to the depositor, and collected through a clearing house, lay no foundation for a preferential payment, in the absence of proof of the actual balance of cash the bank received on account of them, for they may have been and usually are used in whole or in part, to discharge the debts of the bank."

As to the checks that were drawn on the Clarinda National Bank, plaintiff's case runs counter to the same rule of law, in that it has failed to establish by satisfactory proof that the estate of the insolvent bank was augmented by the collection of the checks which were drawn against accounts in the Clarinda National Bank. Judge Sanborn in the case of Empire State Surety Co. v. Carroll County et al., further says:

"Checks of third persons on the bank with which they are deposited, which are paid by crediting the bank and charging the drawers on its books, fail to increase the cash in its possession, and form no basis for a preferential payment to the depositor."

And this rule was again cited in the recent case in this circuit of Larabee Flour Mills v. First National Bank of Henryetta, Okl., 13 F.(2d) 330, 331, wherein Judge Lewis, writing the opinion for the court, says:

"In each case the draft was paid by check on the insolvent. No additional funds were brought into the bank by either transaction. If the drafts which they held for collection had been paid in currency or by check on some other bank, the insolvents' assets would have been increased that much when thereafter their remittance drafts were dishonored; and in that event equity would have regarded the collections as trust funds, followed them into the increased assets and, to the extent of the increase applied them first in discharge of these claims. Unless it appears that the fund or estate coming into possession of the receiver has been augmented or benefited by the wrongful use of the trust fund, no reason exists for giving the owner of the trust fund a preference over the general creditors."

And this should not be as a matter of inference, nor as a result of mere entries on books of account, but because the fund or property against which the preference is sought to be enforced has been in fact augmented or benefited by the addition thereto of the trust fund.

Plaintiff's right to recover is evidently based upon the theory that a claimed sum may be recovered as a trust fund, if it can be traced into the general balance of the assets over liabilities of an insolvent estate. But our Circuit Court of Appeals has repeatedly held this to be an "exploded notion." Dudley v. Richards (C. C. A.) 18 F. (2d) 877, 878; Farmers' National Bank v. Pribble (C. C. A.) 15 F.(2d) 175. The case of Commercial Bank v. Armstrong, 148 U. S. 50, 13 S. Ct. 533, 37 L. Ed. 363, relied upon by the plaintiff is referred to in Larabee Flour Mills v. Bank, supra, as well as in the dissenting opinion by Judge Faris.

Among the checks drawn on the Clarinda National Bank were checks, aggregating $1,353.47, drawn by Swift & Co. After the defendant became receiver, he collected from Swift & Co. an overdraft in the sum of $2,491.50; and plaintiff claims in its argument that this overdraft and collection by the receiver constitutes a trust fund in his favor. The statement of facts, however, contains the following:

"No part of said overdraft was in payment of any of the items mentioned in the plaintiff's bill of complaint; that said overdraft was created by the honoring by the Clarinda National Bank subsequent to the charge of $1,353.47 of checks and drafts aggregating $7,780.06."

As the transactions creating the overdraft were from other sources, and subse-

quent to the cashing of the Swift & Co. checks by the Clarinda National Bank, as there were funds, according to the stipulated facts, in Swift & Co. account to meet the $1,353.47 checks, when charged by the bank against the account of Swift & Co., no trust fund was created in plaintiff's favor by the collection of the overdraft by the receiver.

Whatever may be our individual opinions regarding the theories, and as to whether the estate of the insolvent bank may have been increased by checks drawn upon itself, we are bound by the rules plainly set out by the federal courts in this circuit, and under those rules it must follow that the checks received for collection by the Clarinda National Bank were used to pay indebtedness of the bank or debited on the accounts of its depositors, without an increase and augmentation of any fund coming into the hands of the receiver, and, plaintiff having failed to prove any such augmentation, from which any amount of its claim can be returned to it without a detriment to the general creditors, its bill of complaint is dismissed on its merits, with judgment for costs. To all of which plaintiff is allowed an exception.