## CITY OF MIAMI v. FIRST NAT. BANK OF ST. PETERSBURG et al.

## SEABOARD AIR LINE RY. CO. v. DUDLEY et al.

### Nos. 970, 861.

District Court, S. D. Florida.
April 2, 1931.

No. 970 Equity-Tampa:

Carey & Askew, of St. Petersburg, Fla., for complainant.

A. R. Thompson, of St. Petersburg, Fla., for defendants.

No. 861 Equity-Tampa:

Knight, Thompson & Turner, of Tampa, Fla., for complainant.

McKay, Withers & Ramsey, of Tampa, Fla., for defendants.

AKERMAN, District Judge.

Each of the above cases is a bill to establish a preference in the distribution of the assets of an insolvent national bank, and in each case a check was drawn on the closed bank by a depositor in said bank in favor of the complainant, which check was transmitted through collecting banks in the ordinary course of business, and reached the payee bank prior to the closing thereof, and was charged to the account of the drawer of the check, and a remittance attempted by the drawing of a check by the payee bank on its correspondent, the payment of which check was refused by the correspondent, for the reason that the payee bank had been closed by order of the comptroller prior to the presentation of such check.

A state of facts is thus presented which is identical with the facts presented in the case of Edwards v. Lewis, 98 Fla. 956, 124 So. page 746, and, if this court is controlled by the decisions of the Supreme Court of this state, the bills present cases where a preferential claim must be decreed, but these are national banks, and in the opinion of the court in a case for the winding up of the affairs of a national bank I am bound by the decisions of the federal courts and not by the decisions of the Supreme Court of this state, and an unbroken line of authorities in the federal court hold that such a claim is not entitled to preferential payment, for the reason that the assets in the insolvent bank, which went into the hands of the receiver appointed by the comptroller, are not augmented by such a transaction. Larabee Flour Mills v. First National Bank (C. C. A., 8th Circuit) 13 F.(2d) 330, certiorari denied by U. S. Supreme Court, 273 U. S. 727, 47 S. Ct. 238, 71 L. Ed. 861; Rorebeck v. Benedict Flour & Feed Co. (C. C. A. 8th Circuit) 26 F.(2d) 440; Ellerbe v. Studebaker Corporation (C. C. A., 4th Circuit) 21 F.(2d) 993; Burnes National Bank v. Spurway (D. C.) 28 F.(2d) 40; Farmers' National Bank v. Pribble (C. C. A.) 15 F.(2d) 175.

My individual opinion is that the view expressed by the Supreme Court of Florida in the case of Edwards v. Lewis is the better rule, and I am very much impressed by the reasoning of District Judge Farris in the case of Larabee Flour Mills v. First National Bank, but, as the majority opinion in that case was in effect affirmed by the Supreme

Court of the United States by a denial of writ of certiorari, 273 U. S. page 727, 47 S. Ct. 238, 71 L. Ed. 861, I feel that I am bound by the decisions of the federal court, and must regretfully rule in accordance therewith.

It does not follow, however, that the bills must be dismissed, for in the companion case to the Larabee Flour Mills Case, which was decided by the Circuit Court of Appeals of the Eighth Circuit, in the same opinion the court below was reversed for dismissing the suit, with the statement that the claim should have been allowed as a general claim without a preference.

Orders may be taken in each of these cases in accordance with the foregoing opinion.